IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50947
Summary Calendar

_____

MICHAEL WAYNE FRENCH,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Western District of Texas
USDC No. W:98-CV-165

---------------------

April 19, 1999

Before EMILIO M. GARZA, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Michael Wayne French, Texas prisoner # 439300, requests a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus relief as untimely.  He also seeks leave to proceed in forma pauperis.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

French argues that he received ineffective assistance of counsel at trial and that the trial court erred in admitting certain evidence. He also asserts that he is actually innocent of the crime for which he was convicted. He contends that his § 2254 petition was timely filed, that the district court erred in interpreting 28 U.S.C. § 2244(d)(1)(D) to bar his claims, that he did not discover the factual basis of his claims until April 21, 1997, and that the state impeded his ability to file his petition by providing inadequate access to legal materials. He argues that application of the limitations period in § 2244(d) to bar a first federal habeas petition violates the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2.

Although we agree with the district court that French's petition was untimely under § 2244(d) and, therefore, deny a COA on that issue, this did not relieve the district court of its obligation to examine French's argument that this provision violates the Suspension Clause. French first raised his Suspension Clause arguments in the objections he filed to the magistrate judge's Report and Recommendation (R & R) which recommended dismissing his petition as time barred. An issue raised for the first time in an objection to a magistrate judge's R & R may be construed as a motion to amend the complaint. See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). French was entitled to amend his § 2254 pleading once as of right because the respondent only moved to dismiss the § 2254 application and had not yet filed a responsive pleading. FED. R. CIV. P. 15(a); see Barksdale v. King, 699 F.2d 744, 746-47 (5th

Cir. 1983); <u>McGruder v. Phelps</u>, 608 F.2d 1023, 1025 (5th Cir. 1979).  Therefore, the Suspension Clause claim should be treated as an amendment to French's § 2254 petition, and the merits of this claim should be addressed.  <u>See</u> <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997).

A COA is GRANTED only as to French's Suspension Clause claim, the district court's order dismissing French's § 2254 petition is VACATED, and this case is REMANDED to the district court for consideration of the merits of the Suspension Clause claim.  <u>See</u> <u>Sonnier v. Johnson</u>, 161 F.3d 941, 945-46 (5th Cir. 1998); <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387-88 (5th Cir. 1998).

French has met the requirements for proceeding in forma pauperis.  <u>See</u> <u>Carson v. Polley</u>, 689 F.2d 562, 568 (5th Cir. 1982).  Therefore, his request to proceed in forma pauperis is also GRANTED.

MOTIONS GRANTED, CASE VACATED and REMANDED.